IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIDDLESEX INSURANCE COMPANY,

        Plaintiff,                                      ORDER

   v.

                                                            14-cv-244-wmc

SARAH RODGER,

        Defendant.

---

      Plaintiff Middlesex Insurance Company brings a complaint for declaratory judgment against defendant Sarah Rodger pursuant to this court's diversity jurisdiction, 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin. Plaintiff alleges that defendant is a "currently a resident of the State of Georgia." (Compl. (dkt. #1) ¶ 3.) Strictly speaking (and the Seventh Circuit has repeatedly advised lower courts that we are speaking strictly), one must allege the "domicile" rather than the residence, of an individual person. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile.").

      A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a person may have several residences, but only one domicile. *Id.* While the court may at times assume that in alleging the "residence" of a party, the plaintiff means domicile, plaintiff also alleges here that defendant "was a resident of the State of Wisconsin" at the time of the accident underlying this action. (*Id.* at ¶ 6.) In light of this allegation, the

court will require plaintiff to file an affidavit on or before April 18, 2014 stating the domicile of defendant.

IT IS ORDERED that plaintiff's affidavit and any supporting materials stating defendant's domicile (and thus her citizenship) is due on or before April 18, 2014.

Entered this 9th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge