IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIDDLESEX INSURANCE COMPANY,

                              Plaintiff,                          OPINION AND ORDER

    v.                                                                    14-cv-244-wmc

SARAH RODGER,

                              Defendant.

---

On February 1, 2012, defendant Sarah Rodger was injured in a traffic accident while traveling in Arkansas for her Wisconsin employer.  Upon her return to this state, Rodger filed a timely worker's compensation claim with the Wisconsin Department of Workforce Development.  As the claims adjuster for the worker's compensation policy, plaintiff Middlesex Insurance Company ("Middlesex") became obligated to pay insurance benefits under the Wisconsin Worker's Compensation Act, Wis. Stat. § 102.01 *et seq.*

On March 24, 2014, at a pre-suit mediation, Rodger reached a settlement agreement under which she is to receive $858,820.70 in exchange for the release of the at-fault driver, his employer, and his employer's liability insurer.  On April 1, 2014, Middlesex filed this action pursuant to 28 U.S.C. § 2201.  Middlesex seeks a declaratory judgment that it is entitled to reimbursement under Wis. Stat. § 102.29 for insurance benefits paid to date, as well as those benefits it may be obligated to pay in the future as a result of Rodger's work-related accident. (Compl. (dkt. #1) 7.)  At the time Middlesex filed this action, it had already paid benefits to or on behalf of Rodger in the amount of $284,021.01.

Before the court is Rodger's motion to dismiss pursuant to Rule 12(b)(1), arguing that there is no "actual controversy" between Middlesex and Rodger (Def.'s Mot. (dkt. #12); Def.'s Br. (dkt. # 13)), which this court will deny for the reasons set forth below. Also before the court is defendant's motion for enforcement of a September 2014 settlement agreement between Rodger and Middlesex.   (Def.'s Mot. to Enforce Settlement (dkt. #35).)  On December 3, 2014, the court held a hearing on that motion, and also denied it for the reasons set forth on the record and reiterated in brief below.

OPINION

## I.    Motion to Dismiss

Because the motion to dismiss essentially challenges subject matter jurisdiction, the court will address that motion first.[1]  The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, gives courts of the United States discretionary power to issue declaratory judgments.  However, before a court can exercise that power there must exist an "actual controversy."  28 U.S.C. § 2201(a).

The "actual controversy" requirement of 28 U.S.C. § 2201 "tracks the 'cases' or 'controversies' requirement of article III, [and] saves the statute from unconstitutionally

---

[1] In response to this court's *sua sponte* order, which required plaintiff to submit an affidavit and any supporting materials stating defendant's domicile for purposes of determining defendant's citizenship (dkt. #3), plaintiff submitted an affidavit of Middlesex representative and deposition testimony of Rodger stating that she now lives in Georgia, having moved to there from Wisconsin (dkt. ##4, 4-1).  The court finds this submission sufficient to establish that the defendant is a citizen of Georgia, and thus, that there is diversity of citizenship with plaintiff, Middlesex Insurance Company, an insurance company organized under the laws of the State of Wisconsin with its principal place of business in Stevens Point, Wisconsin.  (Compl. (dkt. #1) ¶ 3.)

expanding the federal courts' jurisdiction." *Harris Trust & Sav. Bank v. E-II Holdings, Inc.*, 926 F.2d 636, 639 (7th Cir. 1991) (alteration in original).  As the Seventh Circuit points out in *Harris Trust*, "[t]he often unspoken, but yet obvious, corollary of the 'actual controversy' predicate is that the dispute must exist between parties to the declaratory judgment action." *Id.* at 639-40.

The United States Supreme Court has outlined the broad parameters of a justiciable controversy in the context of the Declaratory Judgment Act:

> A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)).  The controversy between Middlesex and Rodger is not hypothetical, abstract, academic or moot; rather, it is definite and concrete.  Either Middlesex is entitled to be reimbursed from Rodger's third party settlement under Wisconsin's subrogation law, or it is entitled to no such reimbursement under Arkansas's "make whole" law.  The difference between those two outcomes is also concrete and definite -- $284,021.01 -- at the time of the third-party settlement.

Rodger argued that no "actual controversy" existed between the parties under Wisconsin law, because the settlement had not yet been approved by a court of record under Wis. Stat. § 102.29.  The court disagrees.  In relevant part, § 102.29 provides that:

A settlement of a 3rd-party claim shall be void unless the settlement and

the distribution of the proceeds of the settlement are approved by the court before whom the action is pending or, if no action is pending, then by a court of record or by the department.

Wis. Stat. § 102.29(1)(d). Thus, before a court can approve the settlement and the distribution of the proceeds of the settlement, the settlement and the distribution of the proceeds of the settlement must be determined. That is exactly what Middlesex is asking this court to do in filing its declaratory judgment action on April 1, 2014.[2]

## II.   Motion to Enforce Settlement

Through written communications on September 12 and September 15, 2014, Rodger and Middlesex purported to enter into a settlement for $217,500.00. On October 16, 2014, while finalizing the terms of the release and proposed order to the court seeking approval of the settlement, a dispute arose regarding whether or not the settlement preserved Middlesex's right to a credit or "cushion" for future worker's compensation benefit payments it may be required to make to Rodger.

After it became obvious that the parties were unable to resolve this issue, Rodger filed a motion on October 21, 2014, to approve and enforce the settlement as written pursuant to Wis. Stat. § 102.29(1) (dkt. # 35), arguing that Middlesex agreed in writing to release both past and future reimbursement claims in exchange for $217,500. (Def.'s Br. (dkt. #36) 1.) Middlesex responded that there is an enforceable agreement but that

---

[2] Defendant also challenges whether all of the necessary parties are included in this declaratory judgment action. The court need not reach the issue since the other parties (the tortfeasor, his employer, and any other insurance companies) have now settled their claims. Even if these parties were necessary, the court could have joined them pursuant to Fed. R. Civ. P. 17.

the same writing expressly settled only the current lien (which, at the time of the settlement had reached approximately $300,000) and preserved Middlesex's right to a future cushion (credit).  Alternatively, Middlesex argued that there was no meeting of the minds, and the court should not enforce the settlement.  (Pl.'s Opp'n (dkt. #37).)

Rodger's motion turns on the following language in defendant's September 12, 2014, email accepting plaintiff's offer:  "This lien settlement is without prejudice to and shall not [a]ffect Ms. Rodger's open Worker's Compensation claim beyond settlement of the lien against the 3rd party settlement."  (Dkt. #40-1.)   Defendant Rodger contends that this sentence means that the settlement will not affect *Ms. Rodger's* continued receipt of worker's compensation benefits, while discharging any future lien claim Middlesex might have.   In turn, plaintiff Middlesex contends that the sentence means that the settlement only concerns the current lien and does not implicate *Middlesex's* right to a credit or cushion with respect to Rodger's future benefit claims.  While both parties have an argument as to a plain reading of this sentence, either reading is reasonable so far as it goes, since the sentence is silent (one suspects deliberately so) as to whether Middlesex retains its claimed right to a credit (cushion) on future payments to Rodgers.  Because this term can mean different things to different reasonable persons, the court finds the provision ambiguous.  *See Columbia Propane, L.P. v. Wis. Gas Co.*, 2003 WI 38, ¶ 25, 261 Wis. 2d 70, 661 N.W.2d 776 ("Contract language is ambiguous only if it reasonably susceptible to more than one meaning.").

Moreover, the extraneous documents submitted by both parties demonstrate that the parties understood this sentence to have different meanings *at the time* they entered

into the settlement agreement.  Neither party spelled out clearly what was intended by this language, gambling (and with the benefit of these documents, one could surmise deliberately) that if a dispute arose in the future, it would be interpreted in their favor. On this gamble, both sides lose.[3]

The court finds that there was no meeting of the minds with respect to this particular contractual provision.  *Herder Hallmark Consultants, Inc. v. Regnier Consulting Group, Inc.*, 2004 WI App 134, ¶ 8, 275 Wis. 2d 349, 685 N.W.2d 564. ("Certainty of contract terms concerns whether the parties had a meeting of the minds.").  Given the size of the credit (cushion) at stake -- the parties float numbers valuing the credit at approximately $75,000 -- the court further finds that the provision is essential.  As such, the court concludes that the settlement agreement is void.  *See Dunlop v. Laitsch*, 16 Wis. 2d 36, 43A, 113 N.W.2d 551, 555 (1962) (holding that contract is void and unenforceable where there is an "absence of a meeting of the minds as to an essential term").

ORDER

IT IS ORDERED that:

1) defendant Sara Rodger's motion to dismiss (dkt. #12) is DENIED;

2) defendant's motion to stay (dkt. #22) is DENIED AS MOOT;

3) defendant's motions to file a reply brief (dkt. #29) and to supplement the motion for leave to file a reply (dkt. #29) are GRANTED;

---

[3] Both sides agreed at the hearing that the court could rule on the enforceability of the settlement on the submissions by the parties and waived any arguable right to an evidentiary hearing.

4) defendant's motion to enforce settlement (dkt. #35) is DENIED; and

5) the schedule set forth in the pretrial conference order (dkt. #26) remains in place.

Entered this 8th day of December, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge